## W. S. Shirey v. Julius Bicknell.

1. SUBROGATION—*Chancery Jurisdiction.*—In the matter of subrogation a court of equity has original jurisdiction, even though a remedy exists at law; and under the facts in this case, the law affords no adequate remedy.

2. EQUITY PRACTICE—*Filing Cross-bills—Harmless Error.*—Under our statute, after answer, a defendant has the right to file a cross-bill without leave of court being first obtained; but where such leave is refused by the court and the decree gives the defendant all the relief that he could have obtained under a cross-bill, he is not prejudiced by such refusal, and it is not reversible error.

**Bill for Subrogation and Contribution.**—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

HARBAUGH & WHITAKER, attorneys for appellant.

JOHN R. EDEN, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a proceeding in equity by appellee against appellant and others for subrogation and contribution. Answers were filed and the evidence taken before the master and reported to the court. A supplemental bill was also filed. Upon the hearing, the court decreed for appellee, subrogating him to the rights of the Millikin National Bank, as judgment and execution creditor in the property of appellant; from which the latter appealed to this court and seeks to reverse that decree, insisting chiefly that the remedy of appellee is at law; that appellee was surety for J. S. Bicknell only; and that the court refused appellant leave to file a cross-bill.

The evidence shows that the firm of Riggin, Shirey & Co. (the "Co." being J. S. Bicknell), borrowed $6,000 from the Millikin National Bank of Decatur, Illinois, and gave their note therefor, with appellee, Julius B. and C. T. Atchinson as sureties thereon. This note was afterward renewed for the same amount, and with the same parties thereto, and not being paid in full, judgment was recovered thereon in the Moultrie County Circuit Court for $2,954.15, and an execution issued thereon. Shirey, one of the firm, owned real estate and personal property, and after the execution was issued, said real estate and personal property was mortgaged to one W. T. Shade, for $4,308, the real estate being already incumbered for $10,000. The firm of Riggin, Shirey & Company was insolvent. The bank refused to have the execution levied upon the property of Shirey, and insisted upon its being levied upon the property of appellee (Julius Bicknell), to prevent which, he

Shirey v. Bicknell.

presented the original bill in this case to the master and obtained an injunction which, on motion, was afterward dissolved and the lands of appellee were sold in satisfaction of said execution, whereupon he filed the supplemental bill, setting up such facts and praying to be subrogated to the rights of the bank as execution creditor, against the real estate and personal property of appellant.

As to appellant's contention against the decree, that appellee's remedy is at law, we think in the matter of subrogation a court of equity had original jurisdiction, even though a remedy exists at law, and under the facts in this case, the law affords no adequate remedy.

As to the second insistance of appellant, that appellee was surety only for his son, we think the evidence, when fully examined, warranted the finding of the court, that appellee was the surety of the firm of Riggin, Shirey & Company and not for his son only.

And as to the third insistence of appellant that the court improperly refused him leave to file a cross-bill, we find the record shows that appellant has not been prejudiced by such refusal, as the decree gave him all that he could have procured had he been permitted to file a cross-bill. Besides, under our statute, after answer, appellant had the right to file a cross-bill without leave of court being first obtained. According to the evidence, the $380 which appellee realized from the proceeds of the sale of his son's lands, was to be applied upon an individual debt of the son, as had the other part of such proceeds; and we find there is no basis in the evidence for appellant's contention that such land was placed at the disposal of appellee by his son as an indemnity for going security for him; and as a condition precedent to other relief, the court properly ordered the Effingham property to be sold. Finding no reversible error in this record, the decree of the Circuit Court is affirmed.